UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT NEW ALBANY

UNITED STATES OF AMERICA					PLAINTIFF

vs.			CRIMINAL ACTION NO. 4:20-CR-00017-TWP-VTW

CHRISTOPHER HILL						DEFENDANT

**MOTION TO SUPPRESS EVIDENCE**
**(electronically filed)**

Now comes CHRISTOPHER HILL, by counsel, James A. Earhart, and respectfully moves the Court to enter an order suppressing all evidence obtained subsequent to and as a result of the unreasonable search and seizure of the defendant through the use of excess force during the arrest and seizure of HILL, and in support of this motion states:

**SUMMARY OF THE FACTS**

On or about November 5, 2020, Jeffersonville Police Officers with the assistance of a confidential informant placed a telephone call to     For the purposes of setting up a controlled buy of methamphetamine and to lure Hill from Kentucky to Indiana to effect an arrest of HILL, for whom an outstanding warrant was issued at the time for failing to appear on an unrelated case in Kentucky.

During the traffic stop at approximately 7:44 p.m. at Hospitality Way and Eastern Blvd Sergeant Leverett had K9 "Flex" under physical control while telling Hill to exit the vehicle. Hill complied and existed the vehicle. Sergeant Leverett told Hill to face away from officers and keep his hands up in the air during which time Hill remained standing outside the vehicle and

while not fully compliant with the officers commands, Hill made no attempt to flee.

At this point SWAT Operator Aaron Olson fired one less lethal 40mm munition round striking Hill and dropping Hill to the ground. Sergeant Leverett thereafter released K9 "Flex" to attack Hill as HILL laid helpless on the ground as a result of being shot by the 40mm munition. The dog bit and chewed on Hill primarily on the upper right arm near his chest and face. Hill was treated by EMS on scene and subsequently transported to the Clark County ER for injuries sustained during the arrest. The injuries sustained to Hill were photographed and there is video camera recording of the incident. (See ATTACHMENT 1, k9 Deployment Detail Report).

Subsequent to the attack officers located the items listed on the accompanying FD 302 from Hill and from the vehicle operated by Hill. (See ATTACHMENT 2, FD 302)

## MEMORANDUM OF LAW

A claim that excessive force was used by the police against a citizen is analyzed under the Fourth Amendment's prohibition of unreasonable seizures of the person, see Graham v. Connor, 490 U.S. 386, 394-95 (1989); Marion v. City of Corydon, Ind., 559 F.3d 700, 705 (7th Cir. 2009). No seizure occurs until force is applied or the suspect submits to the officer, and the moment of seizure does not relate back to an initial show of authority that was ignored. California v. Hodari D., 499 U.S. 621, 625-26 (1991); United States v. Griffin, 652 F.3d 793, 798, 800-01 (7th Cir. 2011), cert. denied, 132 S. Ct. 1124 (2012); Marion, 559 F.3d at 705.

The Fourth Amendment's proscription of unreasonable searches and seizures governs federal prosecutions by its express terms and state prosecutions by incorporation into the Due Process Clause of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643 (1961). It regulates the actions of the police, other law enforcement agents, other government officials and, in limited

circumstances, private citizens (see, e.g. State v. Scrotsky, 39 N.J. 410, 189 A.2d 23 (1963); Milan v. Bolin, 795 F.3d 726, 729 (7th Cir. 2015) (dictum); cf. Wilson v. Layne, 526 U.S. 603, 614 (1999) (dictum).

The Supreme Court has held that an unlawful police search or seizure may not require suppression if the actions of the police were so obviously in "good faith" and objectively reasonable that suppression would not further the exclusionary rule's rationale of deterring police misconduct. The context in which this principle is most often invoked – a police officer's good faith reliance on a search warrant issued by a magistrate which turns out to have been defective because the magistrate was mistaken in finding probable cause. The other situations in which the Court has recognized a "good faith" exception to the exclusionary rule are:

(1) when the police, in making an arrest, reasonably relied on a computer record of a warrant which a court clerk erroneously failed to update to reflect the later quashing of the warrant (Arizona v. Evans, 514 U.S. 1, 14-16 (1995));

(2) when an arresting officer's reasonable but erroneous belief in the existence of "an outstanding arrest warrant" stemmed from "a negligent bookkeeping error by another police employee" who failed to update the police computers when the warrant was recalled (Herring v. United States, 555 U.S. 135, 137 (2009)), although this version of the "good faith" rule would be inapplicable and "exclusion [of the fruits of the arrest] would certainly be justified" "[i]f the police have been shown to be reckless in maintaining a warrant system, or to have knowingly made false entries to lay the groundwork for future false arrests" or if "systemic errors" in a warrant system were so "routine or widespread" as to make it "reckless for officers to rely on . . . [the] unreliable warrant system" (id. at 146-47); and

(3) "when the police conduct a search in compliance with binding precedent that is later overruled" (Davis v. United States, 564 U.S. 229, 232 (2011)). The Supreme Court also has held that a police officer's "mistake of law can . . . give rise to the reasonable suspicion necessary to uphold . . . [a] seizure under the Fourth Amendment" as long as the mistake was "objectively reasonable." Heien v. North Carolina, 135 S. Ct. 530, 534 (2014) (upholding the validity of a police officer's stop of a car "because one of its two brake lights was out" and "[i]t was . . . objectively reasonable for an officer . . . to think that [the] . . . faulty right brake light was a violation of North Carolina law" even though "a [North Carolina appellate] court later determined that a single working brake light was all the law required" (id. at 539-40)).

(4) Finally, the Supreme Court has withdrawn the exclusionary rule as a remedy for violations of the Fourth Amendment's "knock and announce" requirement. See Hudson v. Michigan, 547 U.S. 586, 588, 594 (2006).

**(5) However, the United States Supreme Court has never held that exclusion of evidence or suppression of evidence may not be the appropriate remedy for the use of excess force by law enforcement officers against citizens in effecting a seizure/arrest of that person.**

Counsel recognizes, in United States v. Watson, 558 F.3d 702, 705 (7th Cir. 2009) the Court noted that the exclusionary rule does not apply to every Fourth Amendment violation and concluded that evidence legally seized should not be suppressed based on the use of excessive force collateral to that seizure. 558 F.3d at 705. As support the Court cited Hudson v. Michigan, 547 U.S. 586, 598 (2006), which holds that exclusion is not an appropriate remedy for violations of the knock-and-announce rule, and United States v. Ramirez, 523 U.S. 65, 71 (1998), similarly

rejecting the exclusionary rule as a remedy for "excessive or unnecessary destruction of property in the course of a search." The Court in <u>Watson</u> held that the use of excessive force during an arrest is not a basis for suppressing evidence. After <u>Watson</u> there has been no appellate decision holding that the exclusionary rule can serve as a remedy for excessive force collateral to a search or seizure.

WHEREFORE Hill suggests that this case warrants an evidentiary hearing to present evidence of the event and the unreasonable use and deployment of deadly force (i.e. k9 Flex) in effecting the seizure and arrest of Hill and that suppression of the evidence is warranted under the facts and circumstances of this to further the exclusionary rule's rationale of deterring police misconduct. .

Respectfully submitted,

  /s/ James A Earhart
James A. Earhart
2819 Seventh Street Road
Louisville Kentucky 40215
502-599-6864

Certificate of Service

I hereby certify that on the 1st day of April, 2021, foregoing Motion was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

  /S/ James A. Earhart
James A. Earhartt