UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**FILED**

**3:18 pm, Apr 27, 2021**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

United States of America,
          Plaintiff,

                                        Motion to Dismiss

vs.
                                        Case No. 4:20-mj-0043-VTW
                                        Cause No. 4:20-cr-0017-TWP-VTW
CHRISTOPHER Hill,
          Defendant.

Comes now Defendant, Christopher Hill, Pro Se, and hereby moves this court for an Order to dismiss the indictment in this case, with Prejudice.
Defendant was denied Due Process and equal protection of the law sufficient to render the indictment void or voidable as a result of unlawful Police Misconduct in violation of the 8th and 14th Amendments of the United States Constitution.
Defendant was denied due process and equal protection of the law sufficient to render the indictment null and void as a result of unlawful Prosecutorial Misconduct for knowingly concealing Police Misconduct of excessive force, unreasonable search and seizure, and filing false Police reports in violation of the 5th, 8th, and 14th Amendments of the U.S. Constitution.

JPD OFFICERS ACTED WITHOUT
JURISDICTION WHEN THEY
TRAVELED TO LOUISVILLE, KENTUCKY,
AND MALICIOUSLY LURED THE
DEFENDANT INTO INDIANA STATE
WHERE THEY VICIOUSLY ASSAULTED
HIM AND VINDICTIVELY CHARGED
HIM WITH THE INSTANT OFFENSE

THE Defendant is charged with Violating Title 21,
United States Code, section 841, based on
Several uncorroborated Theories involving JPD Officers.
The Theories are as follows:

1) On October 22, 2020, The defendant is said
to have been apprehended and found
in possession of Methamphetamine
(see Exhibit E - Indictment)

2) On November 5, 2020, JPD officers Traveled
into Louisville, Kentucky, and orchestrated
the brutal assault that preceeded The
defendant's arrest during an unauthorized
botched Narcotic operation outside of Indiana's
jurisdictional boundaries, and during
the continuing illegal operation The defendant
was allegedly found with methamphetamine
after his brutal assault by JPD officers.

On November 5, 2020, The Jeffersonville Police Department unlawfully set-up a surveillance team outside of The defendant's residence in Louisville, Kentucky. JPD was not authorized by any Judge in Louisville, Kentucky to arrest The defendant in Kentucky, nor did any Judge in Indiana authorized JPD officers to arrest The defendant.

JPD officers were not engaged in a fresh Pursuit of the defendant, and were not authorized to leave Indiana State for purposes of deploying a surveillance team in Louisville, Kentucky based on the defendant's active warrants in Louisville, Kentucky. The JPD surveillance team did not observed The defendant conduct any drug Transactions at any time from the time he left his residence in Louisville, Kentucky. Therefore JPD officers had no Probable to stop the defendant in Indiana; The defendant did not have any outstanding warrants in Indiana, and he did not violate any Traffic laws to be stopped.

Drug Trafficking is an activity that requires an agreement and an exchange between parties, and there is no evidence that at any Time Prior to The defendant's arrest he had engaged in any drug Transaction or in any criminal activity that would have given JPD officers Probable cause to conduct a high risk felony Traffic stop.

Defendant asks that the Motion to Dismiss herein be addressed and considered pursuant to each of the claims raised individually, and order the dismissal of the indictment with Prejudice in each of the claims raised as follows:

ALLEGATIONS WITHIN THE CRIMINAL COMPLAINT DO NOT SATISFY THE REQUIREMENTS OF FEDERAL RULES CRIMINAL PROCEDURE, RULE 3

The criminal complaint is void of any essential facts involving drug Trafficking or drug Trafficking related activity consistent with the distribution of methamphetamine, and does not present non-conclusory statements or elements of the offense charged pursuant to Title 21, United States Code, Section 841(a)(1), which is insufficient basis for an arrest warrant, and makes the arrest of the Defendant invalid. The criminal complaint does not provide facts or details of any controlled buys, or of plans by the defendant to distribute methamphetamine in Indiana. (see exhibit A). Furthermore the complainant was not personally involved in the investigation of the defendant, but rather based his conclusions on hearsay.

JEFFERSONVILLE POLICE DEPARTMENT VIOLATED
THE DEFENDANT'S SUBSTANTIVE RIGHTS TO
DUE PROCESS, EQUAL PROTECTION OF THE LAWS,
AND TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT WHEN AGENTS OF THE
DEPARTMENT DEPARTED FROM DEPARTMENTAL
POLICY, VICIOUSLY ASSAULTED THE DEFENDANT,
AND FALSIFIED POLICE REPORTS.

On November 5, 2020, agents of the
Jeffersonville Police Department (hereinafter JPD)
travelled to Louisville, Kentucky, and unlawfully
set up a surveillance team to stalk the
defendant's residence. JPD agents then acted
without legal jurisdiction or authority by
knowingly, willfully, and intelligently following
the defendant out of his residence into an
isolated area where they stopped him with the
intentions to viciously assault him. (see Exhibit
B: K9 unit JPD Report). The defendant was
shot in the left leg without warning; The bullet
ripped through his skin and flesh & dropping him
to the ground, and while he laid helpless
on the ground K9 unit "Flex" was released
to maul his right arm, ripping his flesh and
causing deep lacerations (see Exhibit C: Photos)
leaving the defendant in intense pain.

# COUNT ONE OF THE INDICTMENT DOES NOT STATE AN OFFENSE THAT CAN BE CORROBORATED FROM ANY IDENTIFIABLE LEGAL SOURCE, NOR FROM THE ALLEGATIONS OF THE CRIMINAL COMPLAINT

On October 22, 2020, the Defendant was not in possession of any methamphetamine, and nothing on record would prove otherwise. There is absolutely no evidence that the defendant carried any weapons or drugs from Louisville, Kentucky, into the Southern District of Indiana. Based on the information in the criminal complaint Federal Law enforcement were drawn into a conspiracy against the defendant in violation of 42 U.S.C § 1985, from which count one of the indictment was unlawfully voted on by the grand jury in violation of applicable statutes for grand jury proceedings, Indictments, criminal complaints, and the defendant's substantive rights under the 5th, and 14th Amendments of the United States constitution. The Defendant was never apprehended on October 22, 2020, Therefore the indictment Must be dismissed for failure to state an offense based on the evidence presented at the grand jury proceeding.

Based on the "K9 Deployment Detail Report" written by JPD Sergeant Denver Leretett he fallaciously stated that on November 5th 2020, at approx. 17:44 PM on Hospitality Way and Eastern Blvd he did deploy K9-Flex during an alleged high risk Felony stop. The JPD agent fully acknowledges the intentions of JPD agents' plan to stop the defendant in an isolated area in Indiana. JPD agents had absolutely no probable cause to stop the defendant, so each of the agents involved agreed to rely on the defendant's out-of-state warrants to justify their unlawful involvement in the unlawful Surveillance of the defendant in Louisville, Kentucky.

Unlike Anderson v. state, Cause No. 19A-CR-2098 (Ind. App. 2020) where JPD Detective Thomas O'neil sent "Anderson" a Text to buy $200 worth of Methamphetamine and agreed to meet at a local Red carpet inn hotel where Anderson was later arrested, the defendant did not met with anyone, nor exchanged money for drugs. The JPD Narcotic's unit pattern for investigating and arresting individuals suspected of being involved in drug Trafficking activities is established in the Anderson case; The defendant in the instant case was never involved in a controlled buy prior to his arrest on November 5, 2020.

THE ATTORNEY FOR THE GOVERMENT
KNOWINGLY COLLUDED WITH JPD
AGENTS AND FEDERAL AGENTS BY
SEEKING TO CONCEAL POLICE
MISCONDUCT AND VINDICTIVELY
SEEK TO CONVICT THE DEFENDANT
IN VIOLATION OF 42 U.S.C § 1985
AND THE DEFENDANT's SUBSTANTIVE
RIGHTS UNDER THE 5TH, 8TH AND
14TH AMENDMENTS OF THE U.S.
CONSTITUTION

On April 7, 2021, The Attorney for the
government (i.e William McCosxey hereinafter
"The Government") drafted a plea offer with
an elaborate set of threats on a cover letter
including additional charges and sentencing
enhancements if the defendant does
not accept the plea offer. The said cover
letter and plea offer are attached herewith as
Exhibit D.

The government's plea offer included accepting
responsibility for a crime that did not
happened, relinquishment of substantive rights,
and agreeing to the overall cover up of
the vicious unlawful assault against him
by JPD agents on November 5, 2020. The
following is a synopsis of The Plea offer:

9

A) Part 1: Guilty Plea and charges
        The government seeks that the defendant
withdraw his motion to suppress evidence involving
"unreasonable seizure" within the purview of the
application of force under the common law of arrest.
On November 5, 2020, the defendant was subjected
to an unprovoked brutal assault by JPD agents,
which was later documented as a justifiable use of
force against a dangerous African American with
a criminal history. Following the vicious and malicious
attack against the defendant by JPD agents he
was allegedly found to be in possession of
methamphetamine. Due to the lack of probable cause
for the Traffic Stop of the defendant, and the
lack of a fugitive warrant or Rendition warrant
that would have justified the Traffic Stop, there
was no seizure authorized by statute in this case.
        JPD agents were not authorized to operate
outside of the jurisdiction of Indiana state, therefore
the apprehension of the defendant on November 5, 2020
was the result of an unlawful continuing operation
by JPD agents that begun in Louisville, Kentucky
where JPD agents admittedly stalked the
defendant's residence before hunting him down
at a convenient location after he traveled into
Indiana State. JPD agents acted with calculated
intent of sadistic and malicious use of force
under the false pretense of a Narcotic investigation.

To constitute an arrest under the 4th Amendment Jurisprudence, the quintessential seizure of a person must involve the application of force, however slight, or submission to an officer's show of authority to restraint the defendant's Liberty. Seizure of "evidence" becomes unreasonable under the 4th Amendment when a suspect is fully seized without probable cause through the application of excessive force compared to seizure following exigent circumstances that require use of force to neutralize an imminent and present identifiable threat. This is a case where the defendant did not present any threat, and the circumstances leading up to his apprehension are no different than those in Hampton v. Hanrahan, 600 F. 2d 600 (7th Cir. 1979) where Police officers and Federal agents intentionally acted in concert both to commit unlawful acts and to commit lawful acts by unlawful means.

In Hampton v. Hanrahan, supra, the use of a confidential Informant that provided false information after engaging in a number of provocative acts of spreading inflammatory rumors to create the "Reasonable Suspicion" that would require lethal use of force against unsuspecting African Americans is no different than the events involved in the instant case. The defendant suffered irreparable harm that the government wants to cover-up.

11

B) Part 2: General Provisions

The government conningly crafted vague, ambiguous, erasive, and abstract provisions to defraud the united states by proposing to the defendant conditional stipulations detailed in paragraphs 5, 6, 7, and 8 that essentially provides agents of the Federal Bureau of Investigation and the Jeffersonville Police Department with complete immunity against legal actions challenging the unlawful events of November 5, 2020, and the legality of the alleged investigative efforts prior to November 5, 2020. The government essentially seeks to silence the defendant through an adhesive contract that absolves law enforcement agents from criminal and civil liability for misconduct and unlawful acts that deprived the defendant from his substantive rights under the 5th, 8th, and 14th Amendments of the united states constitution.

At no point did counsel for the defendant received any other Plea Offer by the government, and the defendant, does not believe that the plea offer represents the fulfillment of the Prosecutor's function to seek justice. The government merely seeks to convict the defendant by any means, and this is evidenced in part 5 of the proposed plea agreement as more fully explained low:

c.) Part 5: Factual Basis of Guilty Plea

The government boldly asserts its confidence in the ability to establish beyond a reasonable doubt that on October 22, 2020, the defendant was in possession of Methamphetamine with intent to distribute the same. This is in essence what Part 5 of the proposed plea agreement seeks to establish in furtherance of the government's efforts to conceal the fact that the defendant was indicted for events that are not reflected in any documentation or evidence allegedly gathered on October 22, 2020. Therefore the court must dismiss the indictment with prejudice given the severity of the attorney for the government's misconduct in conjunction of the misconduct of the law enforcement agents involved in the events leading up to the defendant's arrest, at his arrest and after his arrest.

The government has expressed its intention to file additional charges if the defendant does not accept the plea offer (see Exhibit D), and the defendant ask the court to prohibit the government from doing so, particularly as it may relate to interstate commerce and economic activities that may not have been discovered prior to November 15, 2020, when JPD agents acted without jurisdiction as stated above.

13

# CONCLUSION

For the foregoing reasons and those this Court deem just and proper the undersign seeks an order dismissing the indictment with prejudice with judicial notice pursuant to Rules of evidence, Rule 201, of the use of force against the defendant based on what is shown in the Body cameras of the officers involved and the docurented injuries of the defendant.

DATED:

Respectfully Submitted,

x _____

Christopher Hill, Defendant
Clark County Jail


SWORN TO BEFORE ME
THIS ____ DAY OF APRIL, 2021


NOTARY PUBLIC

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on 4/19/2021

Exhibit A

Exhibit

A

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

<table>
<tr><td>United States of America<br>v.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.<br><br>4:20-mj-0043-VTW</td></tr>
<tr><td>CHRISTOPHER HILL</td><td></td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td></td><td></td></tr>
</table>

**FILED**

**11/09/2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, **Clerk**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____11/5/2020_____ in the county of _____Clark_____ in the

_____Southern_____ District of _____Indiana_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C § 841(a)(1) and (b)(1)(B) (viii) | Possession with the Intent to Distribute 50 grams or more of a Mixture or Substance containing a dectable amount of Methamphetamine. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

/s/ Ronald A. Hornback, Jr.

*Complainant's signature*

Ronald A. Hornback, Jr., Special Agent, FBI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by

_____telephone_____ *(reliable electronic means)*

Date: ___11/9/2020___

*Judge's signature*

City and state: _____New Albany, Indiana_____

Van T. Willis, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

Your affiant, Special Agent Ronald A. Hornback, Jr of the Federal Bureau of

Investigation, being duly sworn under oath states as follows:

### Introduction

1.      I am an "investigative or law enforcement officer" of the United States, within the

meaning of Section 2510(7), Title 18, United States Code (USC), empowered by law to conduct

investigations of and to make arrests for offenses enumerated in Title 18, USC, Section 2516.

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so

employed since August of 2014.  I am currently assigned to the FBI's Safe Streets Task Force in

New Albany, Indiana.  In connection with my official FBI duties, I investigate criminal

violations of the federal drug trafficking laws and violations of criminal statutes related to violent

crime.  I have participated in investigations involving drug trafficking, and your affiant has

received training in the enforcement of laws concerning drug trafficking.  I have become familiar

with the ways in which those engaged in drug trafficking conduct their business, including, but

not limited to, their methods of receiving, storing, packaging, and distributing controlled

substances; their receipt, transfer, storage, distribution, and laundering of the proceeds from drug

trafficking; their receipt, transfer, possession, and use of firearms to protect and further their

unlawful activities; their use of telephones; their use of vehicles; and their use of numerical

codes and code words to conduct their transactions.

3.      The information contained in this affidavit is based on my personal participation in a joint

investigation between the FBI New Albany Resident Agency office in New Albany, Indiana, and

1

other law enforcement agencies.  I have set forth only the facts that I believe are necessary to establish probable cause necessary for obtaining an arrest warrant.

4.      I make this affidavit in support of an application for a criminal complaint charging Christopher G. Hill, black male, date of birth XX/XX/1987 (HILL), with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

### Facts of the Investigation

5.      On October 22, 2020, the FBI was contacted by a detective with the Jeffersonville, Indiana, Police Department (JPD).  The detective detailed that through investigative efforts they learned that HILL was actively selling illegal narcotics in the vicinity of Jeffersonville, Indiana, while possessing firearms.  The JPD detective also relayed to FBI investigators that HILL was prohibited from possessing firearms due to being a convicted felon.  Lastly, the JPD detective provided information that HILL had two outstanding warrants in Louisville, KY for felonious crimes.

6.      The JPD detective informed FBI investigators that, through surveillance, JPD was able to identify a possible residence in Louisville, Kentucky, where HILL was staying and relayed that HILL had been seen driving a black Ford Mustang.

7.      On October 22, 2020, the FBI conducted database checks and confirmed HILL indeed did have outstanding warrants in Louisville.  One warrant was related to the charge of Convicted Felon in Possession of a Firearm.  The second warrant was for crimes of violence involving

2

Trafficking in a Controlled Substance (TICS), Wanton Endangerment, and Assault, among other crimes.

8.      The FBI also confirmed that HILL has several prior felony convictions out of Kentucky. On September 9, 2008, HILL was convicted in Jefferson County, Kentucky, for Comp Robbery, 1st Degree.  In addition, on October 22, 2007, HILL was convicted in Jefferson County, Kentucky, for Comp Robbery, 1st Degree.

9.      On November 5, 2020, members of the JPD were conducting surveillance on the residence where HILL was staying.  JPD observed HILL leave the residence and enter the driver-side of a black Ford Mustang.  Members of the JPD surveilled HILL as he left the area of the residence in the Mustang.  The surveillance team followed HILL from Louisville into Jeffersonville, Indiana, within the Southern District of Indiana.

10.     The JPD created a plan to arrest the subject in Indiana.  A tactical team was deployed to initiate the arrest out of an abundance of caution due to HILL's violent criminal history, outstanding felony warrants, and information that he conducted drug dealing activities in Indiana while armed with a firearm.

11.     The JPD surveillance unit communicated the travel location of HILL to the tactical team. The tactical team identified a suitable location to stop the Ford Mustang and arrest HILL.

12.     The JPD tactical team initiated a stop and arrest of HILL in the area of Jeffersonville, Indiana, on the roadway.

13.     As HILL stopped the Mustang, the tactical team began giving him commands.  Initially, HILL exited the driver-side of the car and followed commands given by law enforcement, but

3

then he stopped following officers' commands.  After his failure to follow commands, officers

employed a less than lethal round on HILL followed by a release of a JPD K-9.

14.     A female passenger was removed from the Mustang without incident and detained.

15.     While JPD was documenting the injuries sustained to HILL from the less-than-lethal

round and the K-9, two clear plastic baggies containing suspected methamphetamine fell from

HILL's person.   Without prompting, HILL admitted he is a user methamphetamine.

16.     The JPD K-9 conducted an outside open-air sniff of the vehicle which resulted in a

positive indication of narcotics.  Additionally, evidence of marijuana was located in plain view

sight inside the Ford Mustang.  As a result, probable cause was established to search the Ford

Mustang.

17.     The search yielded cellular devices, marijuana, and approximately $5,000 of United

States Currency.  The evidence was seized by the JPD.

18.     Officers advised the female passenger of her *Miranda* rights.  The passenger admitted to

possessing a small amount of methamphetamine on her person and was arrested.  The passenger

stated the methamphetamine recovered from HILL's person was not hers.

19.     The JPD conducted a field test of the suspected narcotics recovered from HILL, which

presumptively tested positive for methamphetamine.  The package weight of the

methamphetamine recovered weighed approximately 114 grams.

20.     In my training and experience, the amount of methamphetamine recovered from HILL is

consistent with drug trafficking and is not a personal use amount.

**Conclusion**

4

21.     Based on the above described facts and circumstances above, as well as my training and

experience, I believe probable cause exists for the issuance of an arrest warrant for Christopher

G. Hill for violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii),

possession with the intent to distribute 50 grams or more of a mixture or substance containing a

detectable amount of methamphetamine, a controlled substance, within the Southern District of

Indiana.

/s/ Ronald A. Hornback
Ronald A. Hornback, Jr, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

11/9/2020

VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

5

Exhibit B

# Exhibit

# B

K9 Report

# K9 UNIT  JEFFERSONVILLE POLICE DEPARTMENT

RECORD STATUS - COMPLETE/APPROVED

## K-9 DEPLOYMENT DETAIL REPORT

| TYPE | Apprehension | | | AGENCY # | 2020-53107 |
|---|---|---|---|---|---|
| STARTED | 11/5/2020 7:44 PM | ENDED | 11/5/2020 9:44 PM | REFERENCE # | T-201161122 |
| LOCATION | Hospitality Way @ Eastern Blvd Jeffersonville, IN | | | | West |
| ORIGI/REQ. AGENCY | Jeffersonville Police Department | | ENTERED BY | Denver Leverett | |
| HIGHEST CHARGE LEVEL | Felony | | | # OF ARRESTS | 2 |

### ACTIVITIES (1)

| 1 | K9 Apprehensions- | | Denver Leverett / K-9 Flex |
|---|---|---|---|
| 7:44 PM | Loc Type: [Vehicle] | Overall: [Successful Track/ Successful Location] | No Search |
| | Specific Loc: [Vehicle] | Alert Given: [NO] Indication: [NO] Subst. Pres: [NO] Substantiated: [NO] Loc. Known: [NO] Veh. Rel: [YES] | |
| | Distractions: [] | COND: , TEMP: N/A, HUM: , WIND DIR: , WIND SPD: | |

### TRAINING FIND ITEMS (0)

### RECORD NOTES (1)

[NARRATIVE]   Denver Leverett On or about Thursday, November, 5th 2020 at approximately 7:44PM at Hospitality Way and Eastern Blvd Sergeant Denver Leverett did deploy K9 Flex in relation to an Apprehension. During the course of this deployment K9 Flex was directed to perform the following tasks:

(1) Apprehension

On 11/05/2020 at approximately 7:44PM Sergeant Denver Leverett and K9 Flex assisted the Jeffersonville Police Department SWAT Team on the execution of a high risk felony traffic stop on Hospitality Way and Eastern Blvd where the driver, identified as Christopher Hill 12/04/1987 B/M, would be placed under arrest for outstanding felony warrants out of Louisville KY for:

Trafficking in Controlled Substance (1st Degree)
Receiving Stolen Property ($10,000 or more)
Possession of Handgun by Convicted Felon
Wanton Endangerment (1st Degree)
Assault (4th Degree)
Possession of Drug Paraphernalia
Operating on Suspended License
Giving Officer False Information
Possession of Marijuana

Mr Hill would also be placed under arrest for Conspiracy to Deal Methamphetamine o/10 grams (Level 2 Felony) where with the use of a Confidential Informant Mr Hill agreed to deliver approximately 4oz of methamphetamine to an agreed upon meeting location. Prior to the high risk felony traffic stop Sergeant Leverett had the knowledge through the Drug Investigation Unit and the Federal Bureau of Investigation Mr Hill was considered armed and dangerous and he would be in possession of a handgun and a bullet proof vest during the drug deal. Sergeant Leverett also had information Mr Hill was known to have shot at people on prior occasions and would resist law enforcement.

FORM [RECORD DETAIL REPORT] S-1

Page 1 of 2

Exhibit C

# Exhibit

# C

Photos









Exhibit D

# Exhibit

# D

Letter from Prosecuter &
Plea Agreement

**From:** William.McCoskey@usdoj.gov,
**To:** attyearhart@aol.com,
**Subject:** Plea offer- Hill
**Date:** Wed, Apr 7, 2021 10:31 am
**Attachments:** Hill.Christopher.PleaAg.WLM.21 (002).pdf (170K)

Jim:

Attached is a plea offer per your request. The highlights: I will agree to argue for a sentence no higher than the middle of the guidelines range, and you will withdraw all of the pretrial motions within 7 days of the filing of the plea agreement. I think that he's a career offender, but if I am wrong about that, his BOL will only be 24. But if he is a career offender, his guideline will be 188-235, with the USA agreeing to argue for no more than 211 months, with a 5 year mandatory minimum

If he rejects the plea, we will assume this is going to trial (particularly in light of the pending motion to suppress). We will supersede the indictment upon the return of the purity test for the methamphetamine, which will of course elevate his mandatory minimum sentence. We will also reserve our right to give notice on any qualifying 851 serious drug felonies and/or violent crimes, and it appears that Hill has at least two qualifying violent crimes. Assuming that those convictions qualify, it appears that Hill would be subject to a 25 year mandatory minimum sentence following superseding of the indictment.

I also understand that a search warrant of Hill's residence produced additional evidence of criminal activity, including a handgun. I've had no discussions with any AUSA in WDKY regarding potential federal charges, but if it is fruitful to a resolution, I will contact the USAO down there and see if we can resolve any potential charges in WDKY if that's an issue.

Because of your pending pretrial motions, time is of the essence. Assuming the Court grants my motion for an extension of time, I will need an answer back within 7 days of this email. If the Court for whatever reason denies my motion, I hope you will understand that I will immediately withdraw this plea offer.

Either way, if this offer is not acceptable to you and your client, we will supersede at the earliest opportunity and prepare for trial.

Sincerely,

Will

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:20-cr-0017-TWP-VTW |
| | ) |
| | ) |
| CHRISTOPHER HILL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and William L. McCoskey, Assistant United States Attorney ("the Government"), and the defendant, Christopher Hill ("the defendant"), in person and by counsel, James A. Earhart, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and conditions:

### Part 1:  Guilty Plea and Charge(s)

1.    **Plea of Guilty:**  The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

A.    Count 1, which charges the defendant with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

**B.**     The defendant agrees to withdraw all pending pretrial motions, including but not limited to any motion to suppress, within seven (7) days of the filing of this petition to enter plea of guilty and plea agreement.

**2.     Potential Penalties**:

**A.**     The offense charged in Count 1 is punishable by five (5) to forty (40) years' imprisonment, a fine of no more than $5,000,000, and a term of supervised release of no less than four (4) years.

**3.     Elements of the Offense:**

**A.**     To sustain the offense to which the defendant is pleading guilty as to Count 1, the Government must prove the following elements beyond a reasonable doubt:  (i) the defendant possessed 50 grams or more of a mixture or substance containing methamphetamine; (ii) the defendant knew the mixture or substance was a controlled substance; and (iii) the defendant intended to distribute it.

## Part 2:  General Provisions

**4.     Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning

2

the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had pleaded "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant

further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.      **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial ; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

9.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have not agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.  In addition:

A.      The Government has agreed to recommend a sentence no higher than the middle of the advisory guidelines range found to be applicable by the Court, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new

criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

      **B.**    The defendant may argue for any legally permissible sentence.

    **10.**    **Placement:**  The Government agrees that it will not object to any requested recommendation of the defendant for placement by the Bureau of Prisons.  The defendant acknowledges and understands that, even if the defendant's request is accepted by the Court, any placement recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

    **11.**    **Programs and/or Treatment:**  The Government agrees that it will not object to any request by the defendant for placement by the Bureau of Prisons in any specific programs or treatment during the defendant's service of any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court regarding such participation is only a recommendation and does not bind the Federal Bureau of Prisons.

    **12.**    **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

    **13.**    **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

    **14.**    **No Appeal of Supervised Release Term and Conditions**:  As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with

the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length

and conditions of the period of supervised release.

### Part 4:  Monetary Provisions and Forfeiture

15.     **Mandatory Special Assessment:**  The defendant will pay a total of $100 on the

date of sentencing or as ordered by the Court to the Clerk, United States District Court, which

amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

16.     **Fine:**  The parties understand and agree that the Court will determine the amount

of any applicable fine, and the parties reserve the right to present evidence and arguments

concerning any applicable fine.

17.     **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable

to pay any financial component of the defendant's sentence on the date of sentencing, then the

defendant agrees that the payment of the financial component should be a condition of supervised

release.  The defendant has a continuing obligation to pay the financial component of the sentence.

The defendant further agrees that as of the date of filing this Plea Agreement the defendant will

provide all requested financial information, including privacy waivers, consents, and releases

requested by the Government to access records to verify the defendant's financial disclosures,  to

the  Government for use in the collection of any fines, restitution, and money judgments imposed

by the Court and authorizes the Government to obtain credit reports relating to the defendant for

use in the collection of any fines and restitution, and money judgments imposed by the Court.  The

defendant also authorizes the Government to inspect and copy all financial documents and

information held by the United States Probation Office.  If the defendant is ever incarcerated in

connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial

Responsibility Program.

## Part 5:  Factual Basis for Guilty Plea

**18**.  The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.   The following information is only a summary of the Government's evidence.   This Plea Agreement is not intended to foreclose the presentation of additional evidence at the time of sentencing, and the Government reserves the right to present such evidence.

**A.**    On October 22, 2020, federal and state law enforcement officers were investigating the defendant.  Based on reliable information, officers believed that the defendant was carrying drugs from Louisville, Kentucky, into the Southern District of Indiana.  The officers were aware that the defendant was subject to two outstanding arrest warrants and had received information that the defendant might be armed.

**B.**    In the vicinity of Jeffersonville, Indiana, in the Southern District of Indiana, officers conducted a traffic stop of the defendant's Ford Mustang to arrest him.  During the arrest, two baggies containing a total of approximately 114 grams of a mixture or substance containing methamphetamine fell from the defendant's pocket.

**C.**    The defendant knew that the mixture or substance was a controlled substance, and he intended to distribute it.

**D.**    A JPD K-9 conducted an outside open-air sniff of the Ford Mustang, which resulted in a positive indication for the presence of drugs.  A probable cause search yielded cellular devices, marijuana, and approximately $5,000 of United States Currency.

## Part 6:  Other Conditions

**19.**    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**20.**    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**21.**    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7:  Sentencing Guideline Stipulations

**22.**    **Guideline Computations:**    Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

543c8d5458e6965b

A.     **Base Offense Level:**  The base offense level for Count 1 is **34**, pursuant to U.S.S.G. §4B1.1(b)(3), in the event the Court finds that the defendant qualifies as a career offender. The parties further agree that defendant is responsible for approximately 110 grams of a mixture or substance containing a detectable amount of methamphetamine, and in the event the Court finds that defendant does not qualify as a career offender, the base offense level would be 24 pursuant to U.S.S.G. §2D1.1(c)(8).

B.     **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

C.     **Final Offense Level:**  31

## Part 8:  Waiver of Right to Appeal

**23.**     **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the

9

Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further agrees that, in the event the Court sentences the defendant to a sentence within or below the advisory guidelines, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of any supervised release imposed and the amount of any fine. The defendant further expressly waives any and all challenges to the statute or statutes to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute or statutes.

24. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. The Government further agrees that it will not assert this waiver as a bar to the defendant seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and

10

compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on the same basis. Furthermore, if the defendant files more than one motion, the Government reserves the right to assert this waiver as a bar to an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

25. **No Appeal of Supervised Release Term and Conditions**:   The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 9:  Presentence Investigation Report

26. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

27. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 10:  Statement of the Defendant

28. By signing this document, the defendant acknowledges the following:

**A.**     I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

**B.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.**     I have read the entire Plea Agreement and discussed it with my attorney.

**D.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.**     I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

**I.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**L.**     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.  I

further understand that any delay resulting from the Court's consideration of this proposed guilty

Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty

plea, will be excluded in computing the time within which trial of this cause must commence,

pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11:  Certificate of Counsel

29.     By signing this document, the defendant's attorney and counselor certifies as

follows:

A.     I have read and fully explained to the defendant all the accusations against

the Defendant which are set forth in the Indictment in this case;

B.     To the best of my knowledge and belief each statement set forth in the

foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C.     The plea of "Guilty" as offered by the defendant in the foregoing petition to

enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to

me by the defendant and is consistent with my advice to the defendant;

D.     In my opinion, the defendant's waiver of all reading of the Indictment in

open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R.

Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver

be accepted by the Court;

E.     In my opinion, the plea of "Guilty" as offered by the defendant in the

foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly

made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on

behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea

Agreement.

### Part 12:  Final Provision

**30.    Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

_____
Date

_____
William L. McCoskey
Assistant United States Attorney

_____
Date

_____
Barry D. Glickman
Deputy Chief, Drug & Violent Crime Unit

_____
Date

_____
Christopher Hill
Defendant

_____
Date

_____
James A. Earhart
Counsel for the Defendant

15

Exhibit E

# Exhibit

# E

Indictment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED

NOV 1 9 2020

U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )      Cause No.: 4:20-cr-17-TWP-VTW
        v.                     )
                               )
CHRISTOPHER HILL,              )
                               )
            Defendant.         )

## INDICTMENT

## COUNT ONE

(Possession with the Intent to Distribute 50 Grams or More of a Mixture or Substance
Containing a Detectable Amount of Methamphetamine)
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii))

The Grand Jury charges that:

On or about October 22, 2020, in the Southern District of Indiana, New Albany Division,

CHRISTOPHER HILL, the defendant herein, did knowingly possess with the intent to distribute

50 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(B)(viii).

1

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of all forfeitable property as described above in Paragraph 2.

A TRUE BILL:

JOSH J. MINKLER
United States Attorney

By:

William L. McCoskey
Assistant United States Attorney

3

Christopher Hill
501 E. Court Ave
Jeffersonville In 47130

FOREVER / USA  FOREVER / USA  FOREVER / USA  FOREVER / USA

LOUISVILLE KY 402
WED 21 APR 2021 PM

CLARK COUNTY JAIL
Inmate Correspondence
Not Responsible for Contents

**FILED**

APR 23 2021

U.S. DISTRICT COURT
NEW ALBANY, INDIANA

The Honorable
Judge Tanya Walton Pratt
121 W. Spring St.
New Albany In, 47150