UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cr-00017-TWP-VTW |
| | ) |
| CHRISTOPHER HILL, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REGARDING GOVERNMENT'S RULE 404(b) NOTICE AND GOVERNMENT'S AND DEFENDANT'S MOTIONS IN *LIMINE***

This matter is before the Court on the Plaintiff United States of America's ("the Government") Notice of Intent to Offer Evidence at Trial and Motion *in Limine* ("Government's Motion *in Limine*") (Filing No. 110) and Notice of Intent to Offer Evidence at Trial and Motion *in Limine* filed pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b) Notice") (Filing No. 113), and Defendant Christopher Hill's ("Hill") Motion *in Limine* (Filing No. 118).  Hill is set to be tried by a jury on Tuesday, November 1, 2022, on Count I: Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Filing No. 89).  The parties seek preliminary rulings from the Court regarding the admissibility of certain evidence and arguments.  For the following reasons, the Court **grants in part and denies in part** the Government's Motion *in Limine*, **approves** the Government's Rule 404(b) Notice, and **denies** Hill's Motion *in Limine*.

I. **LEGAL STANDARD**

A. **Motions in Limine**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The

Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

**B.**     **Rule 404(b) Notices**

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

Rule 404(b)'s prohibition does not apply to direct evidence of the crimes charged and is subject only to Rule 401's relevancy requirements and Rule 403's balancing test. *United States v. Ferrell*, 816 F.3d 433, 442–43 (7th Cir. 2015); *United States v. Gorman*, 613 F.3d 711, 718 (7th

Cir. 2010). Evidence is direct evidence when it tends to prove the elements of the charged offense. *United States v. Vargas*, 689 F.3d 867, 874 (7th Cir. 2012).

## II.  DISCUSSION

The Government's Motion *in Limine*, (Filing No. 110), seeks a preliminary ruling from the Court allowing them to offer evidence of the investigation leading up to Hill's arrest and seeks to exclude evidence regarding the officers' alleged use of excessive or unlawful force during the arrest. In its Rule 404(b) Notice, (Filing No. 113), the Government seeks to offer evidence of Hill's text messages, Facebook messages, and recordings of three telephone calls placed by Hill from jail pending trial as direct evidence of the charge of Possession with Intent to Distribute Controlled Substances. Hill's Motion *in Limine*, (Filing No. 122), seeks to exclude portions of the same jail calls referred to in the Government's Rule 404(b) Notice as well as portions of body-worn camera footage from the day of Hill's arrest. The Court will address the admissibility of each type of evidence in turn.

**A.  Evidence of Officers' Investigation**

In its Motion *in Limine* (Filing No. 110), the Government requests that officers be permitted to testify "regarding the fact that they knew that the defendant had active, pending arrest warrants and had been informed that the defendant may be armed and might resist arrest." (Filing No. 110 at 5.) The Government supports its request with controlling caselaw from the Seventh Circuit and recent persuasive caselaw from this Court finding that testimony "establish[ing] the course of an investigation" is admissible, *United States v. Taylor*, 569 F.3d 742, 749 (7th Cir. 2009), and "probative as to the reason why the police pulled [the defendant] over and to put the nature of their interaction with him in context." *United States v. Pierson*, No. 18-cr-155, 2021 WL 1341562, at *2 (S.D. Ind. Apr. 9, 2021).

3

Hill concedes that the Government may offer this proffered evidence, but asserts the Government may not offer any "elaboration" (Filing No. 125 at 2). Hill does not explain what type of elaboration he believes would be impermissible, but the Government affirmatively states in its Motion *in Limine* that it "will restrict the nature of the testimony to avoid mention of the specific (and serious) crimes for which the arrest warrants had been issued." (Filing No. 110 at 6.) At this preliminary stage, the Court finds that the Government's proposed restrictions will avoid the type of "elaboration" Hill seeks to exclude. The Court therefore **grants** the Government's Motion *in Limine* as to evidence regarding the officers' participation in an investigation of Hill, the existence of pending arrest warrants against him, and the officers' receipt of information that Hill might be armed or resist arrest.

**B.     Evidence of Excessive or Unlawful Force – Government's Motion *in Limine***

The Government seeks to prohibit Hill "from making any reference—whether through opening statement, direct examination, cross-examination, or closing argument—to any alleged excessive or unlawful use of force by the arresting officers." (Filing No. 110 at 7.) The Government contends that any such evidence or argument is inadmissible because it is irrelevant, unduly prejudicial, and invites jury nullification. *Id.* at 8–9. The Government points out that Hill previously raised the issue of excessive force argument in his Motion to Suppress Evidence (Filing No. 26), but the Court denied Hill's motion, finding that Hill's remedy lies in a civil suit (Filing No. 67 at 13). The Government notes that Hill pursued a civil suit against FBI Special Agent Ronald Hornback ("SA Hornback"), alleging that SA Hornback conspired to use excessive force against Hill in violation of 42 U.S.C. § 1983. *Hill v. Hornback*, No. 4:21-cv-0080-SEV-DML (S.D. Ind. May 10, 2021). Hill's civil lawsuit remains pending. (Filing No. 110 at 8.) The Government has named SA Hornback as one of its witnesses in this case. (Filing No. 107.)

Hill responds that evidence related to his civil suit is admissible to show Hornback's bias (Filing No. 125 at 2).[1] The Court agrees. Evidence of witness bias is generally admissible. As the Seventh Circuit has stated, "[b]ias is always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses." *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999). However, even relevant evidence will be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. District courts enjoy broad discretion in applying Federal Rule of Evidence 403. *United States v. Lynn*, 851 F.3d 786, 794 (7th Cir. 2017). Evidence of Hill's allegations of excessive force are highly probative of SA Hornback's bias, and the Seventh Circuit has noted the "importance of evidence of bias or interest . . . [and] giving the jury a fair opportunity to judge credibility" in weighing potential prejudice. *United States v. Frankenthal*, 582 F.2d 1102, 1106–07 (7th Cir. 1978). Although evidence of Hill's excessive force allegations might be prejudicial to the Government, the Government has not shown that prejudice substantially outweighs the evidence's probative value.

The Court will exclude evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose, and unless evidence meets this exacting standard, evidentiary rulings are deferred until trial so that questions of relevance and prejudice may be resolved in context. The Government has not shown that all evidence or argument regarding excessive or unlawful use of force by the officers during Hill's arrest is not admissible for any purpose. The Court therefore **denies** this portion of the Government's Motion *in Limine*.

---

[1] Hill also argues that evidence of "the amount of force used against him" is admissible to rebut allegations that he resisted arrest (Filing No. 125). Hill does not explain why he would need to refer to "excessive" or "unlawful" force to describe the amount of force used against him, so the Court does not find this argument persuasive. However, the Court need only determine if evidence of excessive or unlawful evidence is admissible for any purpose to rule on the Government's Motion *in Limine*. Because the evidence of excessive or unlawful force is admissible to show witness bias, the Court need not decide whether it is also admissible to rebut allegations that Hill resisted arrest.

### C.     Facebook and Text Messages

In its Rule 404(b) Notice, the Government seeks to introduce evidence from Hill's text messages and Facebook messages regarding his alleged possession of methamphetamine and intent to distribute it. (Filing No. 113 at 5.) The Government argues these messages are direct evidence of the crime charged. Specifically, Hill's text messages will show that on the evening of his arrest, Hill corresponded with a confidential informant to arrange the sale of methamphetamine, and that Hill's Facebook messages will show that he used Facebook to advertise the sale of methamphetamine and communicate with potential buyers to arrange sales. (Filing No. 113 at 5–6.) Hill's short response to the Government's Rule 404(b) Notice does not assert any objection to the Government's request to offer the proffered text messages and Facebook messages. The Court finds that the evidence contained in Hill's messages are direct evidence of the crime charged and are relevant. The Court therefore **approves** the Government's Rule 404(b) Notice as to the proffered evidence of Hill's text messages and Facebook messages.

### D.     Jail Call Recordings

The Government's Rule 404(b) Notice and Hill's Motion *in Limine* both seek a preliminary ruling on the admissibility of three recorded jail calls between Hill and non-parties, identified as call numbers 01-030-551, 03-077-87, and 04-078-54, respectively (Filing No. 113 at 6; Filing No. 118 at 1).[2] The Government argues these calls contain direct evidence of the charge against Hill because they show Hill admitted he was apprehended with four ounces of methamphetamine, that he constructively possessed a firearm at the time of his arrest, and that he attempted to have his

---

[2] Hill's response to the Government's Rule 404(b) Notice states "[t]he parties should be able to agree to the exclusion of irrelevant and unduly prejudicial portions of these calls and will advise the Court as to which parts thereof shall be redacted." (Filing No. 126 at 2.) The parties have not filed a stipulation or other notice regarding an agreement as to redaction of the recorded jail calls. However, if they reach such an agreement, they should notify the Court at the final pretrial conference.

Facebook account deleted because it contained evidence of his drug dealing. (Filing No.113 at 6.) The Court will address the admissibility of each call.

1. **First Jail Call (Number 01-030-51)**

As to the first jail call (number 01-030-51), the Government seeks to offer evidence of Hill's discussion with an unidentified female in which he describes being caught with 'four zips' (ounces), and is asked by the unidentified female whether he was in possession of a firearm at the time of his arrest (Filing No. 118 at 1). Hill does not object to the Government's request to offer his statement about the 'four zips,' and the Court finds that portion of the first recorded call constitutes direct evidence of Hill's possession of methamphetamine.

Hill does, however, move to exclude the discussion of Hill's possession of a firearm. Hill argues he has not been charged with a firearm offense, so statements regarding his possession of a firearm are irrelevant and unfairly prejudicial. (Filing No. 118 at 2.) The Government argues that evidence of Hill's possession of a firearm is direct evidence of his intent to distribute methamphetamine. (Filing No. 113 at 7.) The Government explains that it intends to offer expert testimony that firearms "are tools of the trade for individuals who distribute methamphetamine." (Filing No. 113 at 7.) Courts in the Seventh Circuit have consistently recognized the relationship between firearm possession and drug distribution. *See, e.g.*, *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1042–43 (7th Cir. 2013) (stating the Seventh Circuit has "consistently allowed expert testimony concerning the tools of the trade and the methods of operation of those who distribute various types of illegal narcotics because the average juror is not well versed in the mechanics of the drug trade." (internal quotation marks and citations omitted)); *see United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995) ("[F]irearms are recognized as tools of the drug trade; thus, courts have sustained the admission of weapons evidence in narcotics cases because the possession of a weapon is often a hallmark of drug trafficking."). As such, the evidence

regarding Hill's possession of a firearm is relevant and tends to prove the "intent to distribute" element of Possession with Intent to Distribute Controlled Substances. *Vargas*, 689 F.3d at 874. Hill has not shown that the high probative value of this evidence is substantially outweighed by the risk of unfair prejudice to him. The Court therefore **approves** the Government's Rule 404(b) Notice as to the proffered portions of the first jail call and **denies** Hill's Motion *in Limine* as to the first jail call.

2. **Second Jail Call (Number 03-077-87)**

As to the second call (number 03-077-87), the Government seeks to offer evidence of Hill's discussion with an unidentified female in which he expresses frustration that his Facebook account had not been deleted and states that the information on his Facebook page was the "only way" the prosecution could "get a case against" him. (Filing No. 113 at 7; Filing No. 122 at 2.) Hill argues that "his opinion regarding the strength of the Government's case" is irrelevant and would unfairly prejudice him, (Filing No. 126 at 1), but the Government contends that Hill's statements "provide crucial *attribution evidence identifying the defendant* as the user of the Facebook account in question that contained substantial evidence of his drug dealing" (Filing No. 113 at 6 (emphasis added)). As clarified by the Government, Hill's statements are not direct evidence of the charge against him and are instead evidence of Hill's identity admissible under Rule of Evidence 404(b). Although the Government does not analyze the admissibility of the proffered portion of the second jail call under Rule 404(b), the Court finds at this preliminary stage that the portion satisfies Rule 404(b)'s four-prong test. The Government's proffered evidence is permissibly directed toward establishing Hill's connection to his Facebook account, and its probative value is not substantially outweighed by the risk of unfair prejudice to Hill. The first and fourth prongs of the Rule 404(b) test are therefore satisfied. *See Howard*, 692 F.3d at 703. Further, because of the specific purpose for which the proffered portion of the second jail call is being offered—to establish Hill's

8

connection to his Facebook page—the remaining two prongs, similarity and recency, do not apply here. *See United States v. Gomez*, 763 F.3d 845, 854 (7th Cir. 2014) ("'[T]he need to check for similarity and recency may be substantially diminished or nonexistent depending on the particular purpose for which the evidence is offered."). The Court therefore **approves** the Government's Rule 404(b) Notice with respect to the proffered portion of the second jail call.

Hill moves to exclude a different portion of the second jail call in which the unidentified female discusses third parties breaking into Hill's residence, stealing personal property, and confronting other persons with firearms. (Filing No. 118.) In its response, the Government states it does not intend to offer that portion of the second jail call during trial. The Court therefore **denies** Hill's Motion *in Limine* as to the second jail call concerning his Facebook account, and **grants** the Motion *in Limine* as to third parties breaking into his residence.

### 3.     Third Jail Call (Number 04-078-54)

As to the third call (number 04-078-54), the Government seeks to offer as direct evidence a discussion between Hill and an unidentified female in which Hill provides the login information for his Facebook account and asks the unidentified female to delete the account. (Filing No. 113 at 6.) Because this evidence, like the Government's proffered evidence from the second jail call, serves to identify Hill, it is not direct evidence and is instead evidence of Hill's identity under Rule 404(b). (Filing No. 113.) Hill does not object to the Government's request to offer this portion of the third call, and the Court finds that the proffered portion of the third jail call is admissible under Rule 404(b) for the same reasons as the proffered portion of the second jail call. The Court therefore **approves** the Government's Rule 404(b) Notice with respect to the proffered portion of the third jail call.

Hill moves to exclude another portion of the third jail call in which the unidentified female refers to an allegation of rape against Hill. (Filing No. 118 at 2.) Hill argues that this portion of

the recording is irrelevant and would be unduly prejudicial. Hill's argument is well-taken, but the Government states in its response to Hill's Motion *in Limine* that it does not intend to offer that portion of the third call during trial. The Court **grants** Hill's Motion *in Limine* as to conversation of an allegation of rape against Hill and **denies** the Motion *in Limine* in all other respects.

### E. Body-Worn Camera Footage and Audio

In his Motion *in Limine*, Hill seeks to exclude portions of the body-worn camera footage from Hill's arrest on November 5, 2020. Hill argues the footage contains inadmissible hearsay statements from officers on the scene and an individual removed from Mr. Hill's vehicle during the arrest. Hill also argues that these hearsay statements are not probative and would prejudice him. (Filing No. 118 at 3.) In its response, the Government states that it intends to redact the audio for the portions of footage identified in Hill's Motion *in Limine* so that the jury will hear only statements made by testifying witnesses or Hill himself. *See* Fed. R. Evid. 801(d). Because the Government intends to redact the allegedly inadmissible statements described by Hill, the Court declines to preclude the body-worn camera footage and audio *in limine* and **denies** that portion of Hill's Motion *in Limine*. If Hill believes any such evidence presented during trial is improper, he may renew his objection at that time.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Government's Motion *in Limine* (Filing No. 110), and **DENIES** Hill's Motion *in Limine* (Filing No. 118). An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of trial, counsel may raise specific objections to that evidence.

The Court **APPROVES** the Government's Rule 404(b) Notice (Filing No. 113)[3].

**SO ORDERED**.

Date:   10/5/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry D. Simon
larrysimonlawoffice@gmail.com

Jeremy Carl Fugate
UNITED STATES ATTORNEY'S OFFICE, DOJ-CIV
jeremy.fugate@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov

---

[3] The Court will give a limiting instruction during the trial at the time the 404(b) evidence is introduced, upon request of defense counsel. The Seventh Circuit has "caution[ed] against judicial freelancing in this area." *Gomez*, 763 F.3d at 860. In some situations, the defense may prefer "to let the evidence come in without the added emphasis of a limiting instruction," and if so the judge should not preempt this. *Id.*; *see also United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) ("[T]he choice whether to give a limiting instruction rests with the defense, which may decide that the less said about the evidence the better."). Defendant's counsel shall file and email to the Courtroom Deputy Clerk a proposed limiting instruction by no later than **Friday October 28, 2022**, if Defendant intends to request a limiting instruction concerning 404(b) evidence that is admitted during the trial.