UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cr-00017-TWP-VTW |
| | ) |
| CHRISTOPHER HILL, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL ORDER REGARDING GOVERNMENT'S MOTION *IN LIMINE*** 

This matter is before the Court on supplemental briefing filed by the United States of America (the "Government") (Filing No. 141) and Defendant Christopher Hill ("Mr. Hill") (Filing No. 142) concerning the Government's request to preclude specific evidence regarding Mr. Hill's civil lawsuit against Government witness Special Agent Ronald Hornback ("Agent Hornback") alleging the use of excessive force during his arrest, and Mr. Hill's medical records. The Government previously filed a Motion *in Limine* seeking, in part, to preclude Mr. Hill from offering any evidence regarding allegations that officers used excessive or unlawful force during Mr. Hill's arrest, including evidence of the pending civil lawsuit between Mr. Hill and Agent Hornback (Filing No. 110 at 7–8). Mr. Hill responded that evidence of his civil lawsuit would be admissible on cross-examination to show Agent Hornback's bias, and the Court agreed. Having concluded that the Government failed to show that all evidence regarding Mr. Hill's allegations that Agent Hornback conspired to uses excessive force was clearly not admissible for any purpose, the Court denied the Government's request to preclude that evidence *in limine* (Filing No. 130 at 4–5, § II. B.). At the October 6, 2022 Final Pretrial Conference, Mr. Hill explained that he sought to introduce specific evidence of his civil lawsuit against Agent Hornback, including his medical records, on his cross-examination of Agent Hornback to show bias. The Government again

objected to the admission of evidence pertaining to Mr. Hill's civil lawsuit and his medical records. The Court took the Government's objection under advisement and directed the parties to submit supplemental briefing on the issue, which both parties timely submitted (Filing No. 141; Filing No. 142).

In light of the parties' supplemental briefing and for the following reasons, the Court **grants in part and denies in part** the portion of the Government's Motion *in Limine* seeking to preclude evidence of Mr. Hill's allegations of excessive force (Filing No. 110 at 7–9, § III. B.).[1] For the reasons explained below, Mr. Hill may present argument and evidence that he has filed a civil lawsuit against Agent Hornback, that the lawsuit is pending, and the lawsuit pertains to allegations that Agent Hornback communicated with the JPD leading up to Mr. Hill's arrest and the JPD's use of force during the arrest. However, Mr. Hill is precluded from offering any additional details regarding his civil lawsuit, including argument or evidence that his civil lawsuit alleges a conspiracy between Agent Hornback and the JPD or that the JPD's use of force during his arrest was excessive or unlawful, and Mr. Hill is precluded from offering his medical records.

## I.     LEGAL STANDARD

"The Sixth Amendment's Confrontation Clause 'provides two types of protections for a criminal defendant: the right to physically face those who testify against him, and the right to conduct cross-examination." *Quinn v. Neal*, 998 F.3d 526, 528 (7th Cir. 1993) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987)). "[T]he right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." *Ritchie*, 480 U.S. at 52 (emphasis in original). That right "includes

---

[1] This Supplemental Order supersedes only the Court's ruling in Section II. B. of its October 5, 2022 Entry Regarding Government's Rule 404(b) Notice and Government's and Defendant's Motion *in Limine* (Filing No. 130 at 4–5). All other portions of the Court's October 5, 2022 Entry remain in effect.

the right to conduct reasonable cross-examination of the witnesses testifying against the defendant concerning matters which may demonstrate bias or motive to testify falsely." *Quinn*, 998 F.2d at 529 (citing *Davis v. Alaska*, 415 U.S. 308, 3135–16 (1974)). The United States Supreme Court has "emphasized that 'the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (quoting *Davis*, 415 U.S. at 316). "Whether a defendant has the ability to effectively cross-examine a witness turns on 'whether the jury has sufficient information to make a discriminating appraisal of a witness' motive and bias.'" *United States v. Kaufmann*, 985 F.2d 884, 897 (7th Cir. 1993), *cert. denied*, 508 U.S. 913 (1993) (quoting *United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988), *cert. denied*, 488 U.S. 1010 (1989)).

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

In its supplemental briefing, the Government concedes that evidence regarding the existence of Mr. Hill's civil lawsuit against Agent Hornback is probative of Agent Hornback's potential bias (Filing No. 141 at 4). However, the Government objects to the admission of any further details about Mr. Hill's civil lawsuit and Mr. Hill's medical records.

3

The Government argues that only one fact is necessary to show Agent Hornback's bias—that Mr. Hill has named Agent Hornback in a civil suit (Filing No. 141 at 4). Mr. Hill, however, seeks to offer evidence of his civil lawsuit to show Agent Hornback's "specific bias" in this case, and that specific bias arises from the subject of Mr. Hill's civil lawsuit (Filing No. 142 at 2). Mr. Hill's civil complaint alleges as follows:

> On November 5, 2022, Ronald A[.] Hornback[,] Jr.[,] knowingly and in concert with agents of [JPD] conspired in stalking and the malicious assault of the plaintiff in violation of Title 42, United States Code, Section 1981[] [w]hen he conspired with JPD and engaged in unlawful surveillance of the plaintiff[']s premises in Louisville, Kentucky.  The defendant continued to conspire with JPD officers as he followed the plaintiff from his premises to Clarksville, Indiana.  The plaintiff was then cut off by S.W.A.T. vehicles and commanded to exit his vehicle and place his hands on his head without probable cause.  After following commands[,] the plaintiff was shot in the back of the leg, dropping him to his knees.  While on his knees with his hands placed on his head K9 "Flex" was deployed and maliciously mauled the plaintiff causing irreparable harm to the plaintiff, in violation of the plaintiff[']s 8th amendment rights.
>
> On November 9[,] the defendant then wrote a criminal complaint in furtherance of violation of title 42, United States Code, Section 1981.  When he filed a criminal complaint to cover up the actions of agents from [JPD].  That's more fully explained in paragraph 1.

(Case No. 4:21-cv-00080-SEB-DML, Filing No. 1 at 2.)

Mr. Hill argues that evidence that he has sued Agent Hornback, by itself, would not provide a jury with a complete picture of Agent Hornback's potential bias in this case because it would not show the relationship between the civil lawsuit and Agent Hornback's testimony. *See United States v. Manske*, 186 F.3d 770, 777, 780–81 (7th Cir. 1999) (reversing conviction and remanding for new trial after district court limited defendant's cross-examination of witnesses regarding witness' fear of defendant and relationship between fear and testimony at trial).  He argues that Agent Hornback is expected to testify about his communications with JPD leading up to Mr. Hill's arrest and about Mr. Hill's arrest.  Because those communications and Mr. Hill's arrest also form the basis of Mr. Hill's civil lawsuit, Agent Hornback's potential bias could arise not only out of a

simple dislike for Mr. Hill as an opposing civil litigant, but also out of an interest in developing a record detrimental to Mr. Hill's civil claim and securing his conviction. Mr. Hill contends that if he is convicted, his conviction and Agent Hornback's trial testimony might both be admissible in the course of Mr. Hill's civil lawsuit. Therefore, Mr. Hill asserts that evidence of the basis for his civil lawsuit is probative of Agent Hornback's bias.

The Government cites three cases for the proposition that the right to cross-examination does not extend to questions about the substance of other lawsuits pending against witnesses. But in each of the cited cases, the relationship between the other lawsuits and the witnesses' trial testimony was much more attenuated than the relationship between Mr. Hill's civil claim and Agent Hornback's testimony. *United States v. Stoecker*, 215 F.3d 788, 791–793 (7th Cir. 2000) (finding no abuse of discretion in district court's ruling precluding defendant's cross-examination of government witness regarding administrative complaint filed by state agency against witness, which was later dismissed, because complaint "was unrelated and far too remote to be probative and it would have been unfairly prejudicial"); *United States v. Hernandez*, 84 F.3d 931 (7th Cir. 1996) (finding no error in district court's ruling precluding defendant from cross-examining officer regarding racial discrimination lawsuit filed by African-American plaintiff in attempt to show racial bias because facts of other lawsuit were not relevant to officer's limited testimony and at most showed officer's bias against African-Americans, which defendant was not); *Kelham v. CSX Transp., Inc.*, No. 2:12-CV-316, 2015 WL 4525489, at *3 (N.D. Ind. July 27, 2015) (granting request to preclude testimony in personal injury damages trial about witness's lawsuits against defendant arising from same accident involving plaintiff; stating testimony would cause jury to speculate about differences between witness' claims and plaintiff's claim, and finding that "the other employees' injuries are irrelevant to this case").

The Government also raises concerns about jury speculation. It argues that evidence regarding the basis for Mr. Hill's civil lawsuit would "cause the jury to speculate about the factual difference between the prior claim and the case at hand" (Filing No. 141 at 5 (citing *Kelham*, 2015 WL 4525489, at *3). In the Complaint, Hill does not assert that Agent Hornback himself used excessive force against him or that Agent Hornback was present during his arrest. Instead, the lawsuit alleges that Agent Hornback "knowingly and in concert with agents of Jeffersonville Police Department conspired in stalking and the malicious assault of the plaintiff." The Government points out that Agent Hornback has filed a motion to dismiss which has not yet been ruled on, and that allowing Mr. Hill to explore the details of his claim would result in unfair prejudice that substantially outweighs the probative value of those details. The Court agrees that such a possibility exists.

The Court will limit the evidence that Mr. Hill may introduce. Evidence regarding the general basis of Mr. Hill's civil lawsuit is probative of Agent Hornback's alleged bias. As noted earlier, Mr. Hill may present argument and evidence that he has filed a civil lawsuit against Agent Hornback, that the lawsuit is pending, and the lawsuit pertains to allegations that Agent Hornback communicated with the JPD leading up to Mr. Hill's arrest and the JPD's use of force during the arrest. The probative value of that evidence is not substantially outweighed by the risk of unfair prejudice to the Government considering its limited scope and the ability to remedy any unfair prejudice through limiting jury instructions. *See United States v. Richards*, 719 F.3d 746, 763 (7th Cir. 2013) ("We have previously recognized, though, that properly administered limiting jury instructions cure the danger of unfair prejudice unless the jury could not follow the court's limiting instruction." (quotation marks and citation omitted)); *see also Burton v. City of Zion*, 901 F.3d 772, 785 (7th Cir. 2018) ("We presume that juries follow the court's instructions."). If the Government

desires a limiting instruction concerning this evidence, that instruction should be submitted by **October 28, 2022**.

Mr. Hill may not offer additional details about his civil claim or the merits of his claim. Despite his argument otherwise, the merits of the claim is not relevant and the details are only slightly probative of Agent Hornback's bias and present a much greater risk of confusion and unfair prejudice to the Government. Mr. Hill's specific allegations that Agent Hornback *conspired* with the JPD to use *excessive* force during Mr. Hill's arrest, for example, are not more probative of Agent Hornback's bias than a more generalized description of Mr. Hill's claim. In other words, references to "conspiracy" and "excessive" force would not serve to better explain the relationship between Mr. Hill's civil lawsuit and Agent Hornback's testimony.

Mr. Hill's medical records likewise offer nominal probative value if any. Mr. Hill argues that his medical records are probative of Agent Hornback's bias because they show the civil lawsuit "is not a sham" and could result in "a significant money judgment" against Agent Hornback (Filing No. 142). Agent Hornback might be more likely to offer biased testimony if he believes the civil lawsuit poses a substantial monetary risk to him than if he believes the lawsuit is entirely unsupported and poses no risk at all, so Agent Hornback's opinion of the strength of Mr. Hill's civil claim may therefore be probative of bias. But Mr. Hill fails to explain how offering his medical records to the jury would show *Agent Hornback's opinion* regarding the strength of Mr. Hill's civil claim, and the objective strength of Mr. Hill's claim is not probative bias.[2]

The slight (if any) probative value offered by the details of Mr. Hill's civil conspiracy claim and by his medical records is substantially outweighed by the risk of unfair prejudice to the

---

[2] Even if the objective strength of Mr. Hill's case were probative of Agent Hornback's bias, Mr. Hill's medical records would still have only limited value in proving the strength of his case. The records do not show a conspiracy between Agent Hornback and the JPD. They show only the injuries Mr. Hill allegedly sustained during his arrest.

Government. References to a "conspiracy" between Agent Hornback and the JPD or the use of "excessive" (or otherwise unlawful) force may cause confusion about the issues the jury must decide and may cause the jury to improperly consider whether Agent Hornback in fact engaged in a conspiracy or whether the JPD in fact used excessive force. As the Government notes, those issues may only be adjudicated in Mr. Hill's civil case, not here.[3]

Finally, the Court agrees with the Government that Mr. Hill's medical records, which show severe injuries he suffered during his arrest, might invoke the jury's sympathy, inviting jury nullification, and confuse the issues the jury must decide in this criminal case, none of which pertains to Mr. Hill's alleged injuries (Filing No. 141 at 6). Accordingly, Mr. Hill is precluded from offering argument or evidence regarding the details of his civil lawsuit or his medical records.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the portion of the Government's Motion *in Limine* seeking to preclude evidence of Mr. Hill's allegations of excessive force (Filing No. 110 at 7–9, § III. B.).[4] For purposes of showing Agent Hornback's bias, Mr. Hill may present argument and evidence that he has filed a civil lawsuit against Agent Hornback, that the lawsuit is pending, and the lawsuit pertains to allegations that Agent Hornback communicated with the JPD leading up to Mr. Hill's arrest and the JPD's use of force during the arrest. Mr. Hill is precluded from offering any additional details regarding his civil lawsuit, including argument or evidence that his civil lawsuit alleges a conspiracy between Agent Hornback and the JPD or that the JPD's use of force during his arrest was excessive or unlawful, and Mr. Hill is precluded from offering his medical records.

---

[3] The Court also shares the Government's concern that Agent Hornback may be prejudiced in the civil lawsuit if he is required to answer questions about the merits of Mr. Hill's claim or Mr. Hill's evidence in this case, without the benefit of his civil counsel or the application of any applicable Federal Rules of Civil Procedure.
[4] *See supra* fn. 1.

An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

If the Government wishes to have any limiting instructions read to the jury regarding evidence pertaining to Mr. Hill's civil lawsuit, the Government must file and email to the Courtroom Deputy Clerk any such proposed limiting instructions no later than **Friday, October 28, 2022**.

**SO ORDERED**.

Date:   10/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry D. Simon
Larry D. Simon
larrysimonlawoffice@gmail.com

Jeremy Carl Fugate
UNITED STATES ATTORNEY'S OFFICE
jeremy.fugate@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov