UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cr-00017-TWP-VTW |
| ) | |
| CHRISTOPHER HILL, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON GOVERNMENT'S SECOND MOTION *IN LIMINE*

This matter is before the Court on the United States of America's (the "Government") Motion *in Limine* Regarding Redacted Recordings (Filing No. 145). The Government requests that Defendant Christopher Hill ("Hill") be precluded from offering unredacted body-worn camera footage for any purpose not permitted by the Federal Rules of Evidence, and requests that the Court issue a limiting jury instruction regarding the Government's redactions to the footage. For the reasons explained below, the Court **grants in part and denies in part** the Government's Motion *in Limine*.

### I.   BACKGROUND

On September 26, 2022, the parties collectively filed several motions *in limine* (Filing No. 110; Filing No. 113; Filing No. 118), which discussed, in part, the Government's intent to offer evidence of body-worn camera ("bodycam") footage from Hill's arrest. Hill moved to preclude the Government from offering portions of the bodycam footage containing "extraneous statements of officers on the scene, as well as statements by and between officers and the individual removed from [] Hill's vehicle following his arrest", arguing the statements were inadmissible hearsay, not probative, and would "have significant prejudicial effects" against him. (Filing No. 118 at 2–3.) The Government responded that it did not intend to offer those portions of the bodycam footage

and would redact the audio for those portions, and the Court therefore denied Hill's request. (Filing No. 122 at 3; Filing No. 130 at 10.) Hill's Motion *in Limine* also sought to preclude the Government from offering portions of recorded jail calls between Hill and third parties. (Filing No. 118 at 1–2.) The Government again responded that it did not intend to offer the offending portions of the calls, and the Court granted in part and denied that portion of Hill's Motion *in Limine*. (Filing No. 122 at 2–3; Filing No. 130 at 7–10.)

At the October 6, 2022 Final Pretrial Conference, the Court and the parties discussed potential redactions to the bodycam footage and the recorded jail calls, and the parties were directed to meet and confer regarding the redactions. (Filing No. 134 at 4.) According to the Government's Motion *in Limine*, it made proposed redactions and sent them to Hill on October 13, 2022, along with a stipulation stating the redactions were made pursuant to the parties' agreement. (Filing No. 145 at 2–3.) On or about October 21, 2022, Hill responded that he would stipulate to the jail call recordings' redactions, but that he was withdrawing his objection to the use of unredacted bodycam footage and would not stipulate as to those redactions. (Filing No. 145.)

On October 26, 2022, the Government filed the instant Motion *in Limine*, asking the Court to: (A) preclude Hill from presenting or referring to any unredacted portions of the bodycam footage, or, in the alternative, require Hill to inform the Court and Government of the unredacted portions he intends to offer and permit a review of those portions outside the jury's presence; and (B) issue a limiting jury instruction regarding the Government's redactions to the bodycam footage, (Filing No. 145-2), and preclude Hill from eliciting testimony, referring to, or arguing that the redactions were made for an "improper purpose". Hill filed a response in opposition to the Government's Motion, stating that the stipulation offered by the Government is not acceptable

because it violates the guiding principle of "fairness" in Fed. R. Evid. 106 and the rule of completeness. (Filing No. 147.)

## II.  LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III.  DISCUSSION

### A.  Preclusion of Unredacted Footage

The Government asks the Court to preclude Hill from offering any portions of the unredacted bodycam footage "for any purpose not permitted by the Federal Rules of Evidence". (Filing No. 145 at 1.) Now that Hill has withdrawn his objections to the unredacted footage, the Government predicts Hill will offer portions of footage containing hearsay or prejudicial statements, or portions purportedly supporting his pending civil lawsuit against Special Agent Ronald Hornback, which would be inadmissible under the Federal Rules of Evidence and the Court's orders *in limine*. (Filing No. 144.) However, an order *in limine* precluding evidence offered "for any purpose not permitted by the Federal Rules of Evidence" would be duplicative of the Federal Rules of Evidence.

At this stage, the Court has no reason to believe Hill or his counsel would offer evidence they know violates the Rules of Evidence or the Court's orders. Indeed, Hill identifies several permissible purposes for which he might offer portions of the unredacted footage pursuant to Federal Rule of Evidence 106 (to satisfy the "rule of completeness"), Rule 801(c)(2) (to prove something other than the truth of the matter asserted, like a mistaken identity), or Rule 801(d)(2) (as a statement of a party opponent) (Filing No. 147 at 2–3).[1] The Court therefore **denies** the Government's request to preclude Hill from offering portions of the unredacted bodycam footage "for any purpose not permitted by the Federal Rules of Evidence" as duplicative of the Federal Rules of Evidence and as premature.

However, the Court recognizes the uncertainty Hill has created by withdrawing his objections to the unredacted bodycam footage so close to trial. The Court therefore **grants** the Government's request for advanced notice of the portions of bodycam footage that Hill intends to offer. Hill is **ordered** to inform the Court and Government of the unredacted bodycam footage he intends to offer or refer to at trial by no later than **noon on Monday October 31, 2022**, to permit the review of such footage prior to the start of the November 1, 2022 jury trial.

**B.    Limiting Jury Instruction and References to Redactions**

The Government also asks the Court to issue a limiting jury instruction stating that the Government's redactions to the bodycam footage "are consistent with the Federal Rules of Evidence" and that the jury "should not draw any negative inference or conclusion from the fact that the video clips contain audio redactions." (Filing No. 145-2.) The Government argues that if jurors are read a stipulation that the parties agreed to the jail call recording redactions but are not

---

[1] The Court is not presently issuing any rulings as to whether the portions of footage referred to by Hill are admissible for the reasons he states.

4

read a similar stipulation regarding the bodycam footage redactions, the jury might think the Government redacted the bodycam footage for an "improper purpose". (Filing No. 145 at 5.)

Hill responds that he has no objection to the Court instructing the jury that they should not draw any negative influence or conclusion against either party from the fact that there are redactions to the audio, and the Court believes a limiting instruction would resolve the Government's concerns. (Filing No. 147 at 3); *see, e.g.*, *United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015) ("We assume the jury follows the instructions given."). The Court **grants** the Government's request to issue a limiting instruction regarding the bodycam footage redactions at the time that such evidence is offered. [2]

In addition to the limiting instruction, the Government seeks to preclude Hill from offering testimony, making any reference to, or arguing that the Government has redacted portions of the bodycam footage for an "improper purpose such as hiding evidence from the jury". (Filing No. 145 at 5–6.) The Government does not offer any authority supporting this request, nor does the Government explain what it means by "improper purpose". Prosecutors regularly omit exculpatory, yet admissible, evidence from their cases in chief. This strategy could be characterized as an attempt to "hide evidence," but it is certainly not "improper". And in those cases, defendants often offer that evidence and argue the prosecutors omitted it because it is exculpatory. Here, the Government does not clarify whether it believes it *must* redact the bodycam footage pursuant to the Rules of Evidence, or whether it is *choosing* to do so, now that Hill has withdrawn his objections. Without more information, the Court cannot determine whether Hill

---

[2] The language of this limiting instruction, (Filing No. 145-2), as a final jury instruction will be settled after the close of evidence at trial, along with the other final jury instructions.

could permissibly offer testimony, references, or argument regarding the Government's reason for redacting the bodycam footage. This issue would best be resolved in the context of trial.

Regardless, the Court is not convinced that Hill will offer any such testimony, references, or argument, based on his agreement to a limiting instruction admonishing the jurors not to draw any negative inferences or conclusions based on the fact that the bodycam footage has been redacted. The Court therefore **denies** this portion of the Government's Motion *in Limine*. If the Government believes any testimony, argument, or references presented during trial are improper, it may renew its request at that time.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Government's Motion *in Limine* (Filing No. 145). Hill is **ORDERED** to inform the Government of any portions of unredacted audio he intends to offer or refer to at trial by **no later than 12:00 p.m. on Monday, October 31, 2022** so that any objections can be resolved by the Court before the commencement of trial. The Court further **GRANTS** the Government's request to issue a limiting instruction regarding its redactions to the bodycam footage. The Court **DENIES** the remaining portions of the Government's Motion *in Limine*.

An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury.

**SO ORDERED**.

Date:   10/28/2022

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry D. Simon
LARRY D. SIMON
larrysimonlawoffice@gmail.com

Jeremy Carl Fugate
UNITED STATES ATTORNEY'S OFFICE
jeremy.fugate@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov